IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:15-cv-00043 |
| v. | ) ) | |
| LEVEL FOUR ORTHOTICS & PROSTHETICS, INC., | ) ) ) | COMPLAINT |
| Defendant. | ) ) ) | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy), and to provide appropriate relief to Lesley Lawson who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff, Equal Employment Opportunity Commission, alleges Defendant, Level Four Orthotics & Prosthetics, Inc. ("Defendant"), discharged Lawson based on her sex, female (pregnancy).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Winston Salem, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lawson filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about June 28, 2013, Defendant engaged in an unlawful employment practice at its Winston Salem, North Carolina facility in violation of Section 703(a)(1),

42 U.S.C. § 2000e-2(a)(1), when it discharged Lawson based on her sex, female (pregnancy).

8. On or about May 1, 2013, Defendant's Billing Department Supervisor and Defendant's Integration Manager interviewed Lawson for the position of Billing and Authorization Specialist. At the time of the interview on or about May 1, 2013, Lawson was pregnant.

9. During the interview, Lawson did not affirmatively disclose to Defendant that she was pregnant and Defendant did not ask her any questions that would have required her to do so.

10. Defendant hired Lawson on or about May 2, 2013. On or about May 6, 2014, Lawson began working for Defendant.

11. On or about June 7, 2013, Lawson informed Defendant's Human Resources Representative that she needed maternity leave beginning around August 2013. On or about June 8, 2013, Lawson informed Defendant's Billing Department Supervisor, who was Lawson's direct supervisor, about her maternity leave request. Lawson volunteered to either work from home or come in to the office and work half days during her maternity leave.

12. In response to Lawson's request for maternity leave, Defendant's Billing Department Supervisor told Lawson that Defendant would devise a plan to cover her work during the leave. The Billing Department Supervisor further stated that she would share Lawson's news with Defendant's Integration Manager and Defendant's Administrator/Co-Owner.

13. On or about June 26, 2013, the Billing Department Supervisor told Lawson she had spoken with Defendant's Administrator/Co-Owner about Lawson's request for maternity leave, and that the Administrator/Co-Owner instructed the Billing Department Supervisor to notify the President/Co-Owner of the request. The Billing Department Supervisor expressed to Lawson that the President/Co-Owner may try to fire Lawson.

14. On or about June 27, 2013, the Billing Department Supervisor questioned Lawson about the timing of her disclosure of her pregnancy to Defendant. Lawson explained her timing, and responded that she had not been deceitful and had not tried to conceal her pregnancy.

15. On or about June 28, 2013, after meeting together with Defendant's President/Co-Owner, the Billing Department Supervisor and Integration Manager informed Lawson she was discharged for deceiving Defendant about her pregnancy and failing to disclose her need for maternity leave at the time of the job interview.

16. Defendant's Billing Department Supervisor and Integration Manager each told Lawson that her termination had nothing to do with performance, and advised her that she could reapply for employment after she had the baby.

17. At all times relevant, Lawson performed her job duties at a level that met Defendant's legitimate expectations.

18. Defendant filled Lawson's position in or around September 2013, with a similarly-qualified person who was not pregnant when hired.

19. The effect of the practices complained of above has been to deprive Lawson of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex, female (pregnancy).

20. The unlawful employment practices complained of above were intentional. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Lawson.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices that discriminate on the basis of sex, including pregnancy.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Lawson whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Lawson or front pay in lieu thereof, and lost and/or reduced employee benefits.

D. Order Defendant to make Lawson whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices

5

described above, including, but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

E. Order Defendant to make Lawson whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

F. Order Defendant to pay Lawson punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated this 14th day of January, 2015.

    Respectfully submitted,

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, D.C. 20507

**/s/Lynette A. Barnes**
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney

KARA GIBBON HADEN
Supervisory Trial Attorney

**/s/ Darryl L. Edwards**
DARRYL L. EDWARDS
Trial Attorney (PA Bar ID# 205906)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 W. Trade St., Suite 400
Charlotte, NC 28202
Tel: (704) 954-6467
Fax: (704) 954-6412
Email: darryl.edwards@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**

7